**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 26 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the order of the Superior |
| | : | Court at No. 1480 MDA 2022 dated |
| | : | April 24, 2023 |
| v. | : | reversing/vacating/remanding the |
| | : | Judgment of Sentence of the Adams |
| | : | County Court of Common Pleas, |
| GEORGE THOMAS SHIFFLETT, | : | Criminal Division, at No. CP-01-CR- |
| | : | 0000650-2022 dated September 22, |
| Appellant | : | 2022. |
| | : | |
| | : | ARGUED: October 9, 2024 |

**OPINION**

**CHIEF JUSTICE TODD**                    **DECIDED: May 30, 2025**

In this discretionary appeal, we consider whether, pursuant to the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), it was unconstitutional for the trial court to consider Appellant Thomas Shifflett's previous acceptance of accelerated rehabilitative disposition ("ARD") for an offense of driving under the influence of alcohol or drugs as a prior offense for sentencing purposes. For the reasons below, we answer this question in the affirmative, and, thus, reverse the Superior Court's order.

The relevant factual and procedural background is as follows. In 2012, Appellant George Thomas Shifflett was charged with the offense of driving under the influence of alcohol and drugs, or a combination of drugs ("DUI"), 75 Pa.C.S. § 3802(d)(3),[1]

---

[1] Section 3802 provides, in relevant part:
(continued…)

(hereinafter, the "2012 offense"), and was accepted into an ARD program. On March 4, 2022, Appellant was involved in another incident of DUI (hereinafter, the "2022 offense"), and, based on his previous acceptance of ARD for his 2012 offense, Appellant was charged with DUI as a second offense. At a July 21, 2022 hearing on his 2022 offense, Appellant pled guilty generally to one count of DUI. At that time, the Commonwealth asserted that, pursuant to Section 3806 of the Motor Vehicle Code, which provides that the term "prior offense" shall include, *inter alia*, "acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation" for a DUI offense,[2] Appellant's 2022 offense constituted a second DUI offense

_____

> (d) **Controlled substances.**-- An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
> * * *
> (3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(3).

[2] Section 3806 provides, in relevant part:
> (a) **General rule.**--Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);
> (2) an offense under former section 3731;
> (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
> (4) any combination of the offenses set forth in paragraph (1), (2) or (3).

*Id.* § 3806(a).

for sentencing purposes under Section 3804 of the Motor Vehicle Code.[3]    Appellant contested that assertion.

Therefore, Appellant filed a motion to exclude at his sentencing hearing evidence of his 2012 offense, asserting that such evidence was inadmissible under *Alleyne, supra* (any fact which increases the penalty for a crime is an element of the offense that must be stated in the charging document, submitted to the jury, and proven beyond a reasonable doubt), and *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020) (deeming a previous DUI offense for which a defendant accepted ARD as a first offense for purposes of an enhanced sentence under Section 3804 violates a defendant's due process rights).  Specifically, Appellant argued that, in light of *Alleyne* and *Chichkin*, his 2012 offense, which resulted in ARD, should not be considered a "prior offense" under

---

[3] Section 3804 provides, in relevant part:

> (a) **General impairment**.--Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:
>
>> (1) For a first offense, to:
>>> (i) undergo a mandatory minimum term of six months' probation;
>>> (ii) pay a fine of $300;
>>> (iii) attend an alcohol highway safety school approved by the department; and
>>> (iv) comply with all drug and alcohol treatment requirements imposed under  sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).
>>
>> (2) For a second offense, to:
>>> (i) undergo imprisonment for not less than five days;
>>> (ii) pay a fine of not less than $300 nor more than $2,500;
>>> (iii) attend an alcohol highway safety school approved by the department; and
>>> (iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

*Id.* § 3804(a)(1), (2).

Section 3806 in order to impose an enhanced sentence on his 2022 offense under Section 3804.[4]

On July 29, 2022, the trial court granted Appellant's motion to exclude evidence of his 2012 offense, and, on September 22, 2022, pursuant to Section 3804, sentenced Appellant as a first offender to six months probation, with a restrictive DUI condition of ten days of house arrest with electronic monitoring. Appellant also was ordered to undergo a drug and alcohol evaluation; to complete any treatment recommendations; and to pay a fine of $1,000 and costs of $283.

The Commonwealth appealed, arguing that the trial court erred in failing to treat Appellant's 2012 offense as a prior offense under Section 3806 and impose an enhanced sentence under Section 3804. In support of its position, the Commonwealth noted that the Superior Court, in *Commonwealth v. Richards*, 284 A.3d 214 (Pa. Super. 2022) (*en banc*), and *Commonwealth v. Moroz*, 284 A.3d 227 (Pa. Super. 2022) (*en banc*), held that, pursuant to Section 3806, a defendant's previous acceptance of ARD for a DUI constitutes a prior offense for purposes of imposing a mandatory minimum sentence under Section 3804. The Commonwealth maintained that treating a previous acceptance of ARD for a DUI as a prior offense does not run afoul of *Alleyne*, or *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (any fact which increases the penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proven beyond a reasonable doubt). The trial court, in its opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, concluded that, in light of

---

[4] We observe that, in addressing whether a previous acceptance of ARD constitutes a "prior offense" for sentencing purposes, some courts have occasionally used the term "prior conviction," instead of "prior offense." However, as discussed *supra,* note *2*, Section 3806(a) provides that the term "conviction" is but one of several dispositions that constitute a "prior offense." ARD is a separate disposition that constitutes a "prior offense" under Section 3806(a). Thus, in this context, ARD is properly referred to as a "prior offense," rather than a "prior conviction," and we employ that terminology.

*Richards* and *Moroz*, it erred in granting Appellant's motion to exclude at sentencing evidence of his previous acceptance of ARD for his 2012 offense, and, accordingly, requested that the Superior Court remand the case for resentencing.

In a unanimous, unpublished memorandum opinion, the Superior Court vacated Appellant's judgment of sentence and remanded for resentencing. *Commonwealth v. Shifflett*, 1480 MDA 2022 (Pa. Super. filed Apr. 24, 2023). Initially, the court observed that, in *Richards* and *Moroz*, it expressly overruled its prior decision in *Chichkin*, and held that Section 3806's treatment of a previous acceptance of ARD for a DUI as a prior offense for sentencing purposes is constitutional, as it falls within the "prior conviction exception" to *Apprendi* and *Alleyne*. *Id.* at *3 n.8. The court also examined this Court's decision in *Commonwealth v. Verbeck*, 290 A.3d 260 (Pa. 2023) (*per curiam*), wherein, by an evenly divided Court, we affirmed by operation of law the Superior Court's decision vacating the appellant's enhanced judgment of sentence, which was based on the trial court's treatment of the appellant as a second offender in light of his previous acceptance of ARD for a DUI.

In the instant case, the Superior Court concluded that, in view of the absence of a majority holding in *Verbeck* that treatment of a defendant's previous acceptance of ARD as a prior DUI offense for sentencing purposes was unconstitutional, it was bound by its most recent decisions in *Richards* and *Moroz*, and, thus, held that the trial court erred as a matter of law when it granted Appellant's motion to exclude evidence of his 2012 offense at the sentencing hearing on his 2022 offense. Accordingly, the Superior Court vacated Appellant's judgment of sentence, vacated the trial court's order granting Appellant's

motion to exclude consideration of his 2012 offense, and remanded the matter to the trial court for resentencing.[5]

We granted Appellant's petition for allowance of appeal to determine whether, under the United States Supreme Court's holding in *Alleyne*, it was unconstitutional to consider his previous acceptance of ARD for a DUI offense as a prior offense for the purpose of imposing an enhanced sentence.

Preliminarily, the constitutionality of a statute is a pure question of law, over which our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Torsilieri*, 316 A.3d 77, 86 (Pa. 2024). Statutes are presumed to be constitutional, and a challenger bears the burden of establishing that their provisions "clearly, palpably, and plainly" violate the Constitution. *Martin v. Donegal Twp.*, 325 A.3d 502, 509 (Pa. 2024) (citations omitted). A statute is facially unconstitutional only where no set of circumstances exists under which the statute would be valid. *Commonwealth v. Pownall*, 278 A.3d 885, 904 (Pa. 2022). In contrast, an as-applied constitutional challenge "does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Martin,* 325 A.3d at 509 (citations omitted).

The Sixth Amendment guarantees to those accused of a crime the right to a trial by an impartial jury. U.S. Const. amend. VI. This right, in conjunction with the Due Process Clause of the Fourteenth Amendment, requires that each element of a crime be proven to the jury beyond a reasonable doubt. *Alleyne*, 570 U.S. at 104. In 1998, the

---

[5] The Superior Court declined to opine as to whether Appellant's 2012 offense constituted a prior offense under Section 3806, stating only that, at Appellant's resentencing hearing, the Commonwealth "is required to establish the validity of [his] ARD-DUI *via* certified records or by whatever means the Commonwealth deems appropriate," and the trial court "must then determine whether the Commonwealth sufficiently established a second DUI offense pursuant to Section 3806(a)(1) for purpose of fashioning [Appellant's] new sentence." *Shifflett*, 1480 MDA 2022 at *13 n.10.

United States Supreme Court, in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), considered whether these constitutional principles were violated when a defendant received an enhanced sentence based solely on the fact of a prior conviction. Specifically, in *Almendarez-Torres*, a federal grand jury indicted the defendant for violating a federal statute, 8 U.S.C. § 1326(a), which rendered it a crime for a deported alien to return to the United States without special permission. The statute authorized a maximum term of imprisonment of two years, but provided for an increased maximum term of 20 years imprisonment if the initial deportation "was subsequent to a conviction for commission of an aggravated felony." *See* 8 U.S.C. § 1326(b)(2). The defendant pled guilty to violating Section 1326, and admitted that his initial deportation resulted from three convictions for aggravated felonies. In imposing a sentence of 85 months imprisonment, the sentencing court rejected the defendant's argument that the sentence enhancement provided for by Section 1326(b)(2) was inapplicable because the indictment failed to reference his prior aggravated felony convictions.

On appeal, the high Court agreed with the sentencing court, holding that a criminal statute which enhances a sentence based upon a prior conviction does not create a separate crime that the government must charge as a fact in the indictment, but, rather, is a penalty provision authorizing an enhanced sentence for recidivists. *Almendarez-Torres*, 523 U.S. at 226-27. In so holding, the Court reasoned that the subject matter of recidivism is typically viewed as a sentencing factor, and, based on its examination of the statutory language, structure, context, and history of the statute, concluded that Congress intended to set forth a sentencing factor and not a separate criminal offense. *Id.* at 235.[6]

---

[6] In *Almendarez-Torres*, in a dissent joined by three other Justices, Justice Scalia indicated he would not have reached the prior conviction exception question because the implicated statute could be interpreted without doing so. 523 U.S. at 249 (Scalia, J. dissenting). Nevertheless, a fair reading of his dissenting opinion suggests he had grave doubts about the existence of a prior conviction exception. *See e.g.*, *id.* at 260 ("I think it (continued…)

One year after its decision in *Almendarez-Torres*, the high Court, in *Jones v. United States*, 526 U.S. 227 (1999), expressed concern that allowing judges to make factual findings that increase a defendant's sentence may violate Sixth and Fourteenth Amendment principles. The Court noted, however, that, in *Almendarez-Torres*, it emphasized that the fact of a prior conviction is constitutionally distinct from other facts that support a sentence enhancement, stating, "unlike virtually any other consideration used to enlarge the possible penalty for an offense . . . a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." *Id.* at 249.

One year after *Jones*, and two years after its decision in *Almendarez-Torres*, the high Court issued its seminal decision in *Apprendi v. New Jersey*. In *Apprendi*, the defendant pled guilty to possessing a firearm for an unlawful purpose, an offense which carried a sentence of five to ten years imprisonment. At the defendant's sentencing proceeding, the prosecutor sought application of New Jersey's hate-crime sentencing enhancement, which provided for an increased sentence if the trial court determined, by a preponderance of the evidence, that the defendant committed a crime with a purpose to intimidate a person or group based on race. Although the defendant had not been charged separately with a hate crime, the trial court found, by a preponderance of the evidence, that the offense was racially motivated, and sentenced the defendant to 12 years imprisonment, a term which exceeded the statutory maximum for the firearm offense.

---

beyond question that there was, until today's unnecessary resolution of the point, 'serious doubt' whether the Constitution permits a defendant's sentencing exposure to be increased tenfold on the basis of a fact [a prior conviction] that is not charged, tried to a jury, and found beyond a reasonable doubt.").

On appeal, the high Court concluded that New Jersey's sentencing procedure violated the defendant's Sixth Amendment right to a jury trial, as well as his right to due process under the Fourteenth Amendment, because, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Court further opined that the state legislature's placement of the hate crime enhancement within the sentencing provisions of the criminal code did not obviate the requirement that the essential element of the offense – the purpose to intimidate – be proven beyond a reasonable doubt. *Id.* at 495-96.

While acknowledging the prior conviction exception established in *Almendarez-Torres*, the *Apprendi* Court emphasized the constitutional protections attendant to criminal convictions:

> Because Almendarez-Torres had *admitted* the three earlier convictions for aggravated felonies – all of which had been entered pursuant to proceedings with substantial procedural safeguards of their own – no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the Court.

*Id.* at 488 (emphasis original). Moreover, the *Apprendi* Court highlighted that:

> [b]oth the certainty that procedural safeguards attached to any "fact" of prior conviction, and the reality that Almendarez-Torres did not challenge the accuracy of that "fact" in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a "fact" increasing punishment beyond the maximum of the statutory range.

*Id.* Finally, the Court recognized that there exists a

> vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and

allowing the judge to find the required fact under a lesser standard of proof.

*Id.* at 496.

Thus, not only did *Apprendi* cabin the prior conviction exception to convictions resulting from proceedings cloaked with the panoply of constitutional trial rights, the high Court's decision arguably cast doubt on the validity of the prior conviction exception itself:

> Even though it is arguable that *Almendarez-Torres* was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset. Given its unique facts, it surely does not warrant rejection of the otherwise uniform course of decision during the entire history of our jurisprudence.

*Id*. at 489-90 (footnote omitted).[7]

Following its decision in *Apprendi*, the high Court reaffirmed its underlying principles on multiple occasions. *See, e.g., Ring v. Arizona*, 536 U.S. 584, 602 (2002) (recounting that, in *Apprendi*, the Court explained that the historical roots of the Sixth Amendment entitle a defendant to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt"); *Blakely v. Washington*, 542 U.S. 296, 301 (2004) (quoting *Apprendi's* mandate that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); *Cunningham v. California*, 549 U.S. 270, 281 (2007) (observing that the Court "has repeatedly held that, under the Sixth Amendment, any fact that exposes a

---

[7] In expressing its reservations regarding the prior conviction exception, the *Apprendi* Court found it "noteworthy" that the Court's extensive discussion of the term "sentencing factor" in *Almendarez-Torres* "virtually ignored the pedigree of the pleading requirement at issue." *Apprendi*, 530 U.S. at 489 n.15 (citing *United States v. Reese*, 92 U.S. 214, 232 (1875) (Clifford, J., concurring) (providing that "the indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted")).

defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence").[8]

Then, more than a decade after its decision in *Apprendi*, the high Court, in *Alleyne, supra*, held that the *Apprendi* rule applies not only to facts that increase the statutory maximum sentence, but also to facts which increase the mandatory minimum sentence. 570 U.S. at 111. The *Alleyne* Court reiterated its holding in *Apprendi* that any facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the offense which must be found by a jury beyond a reasonable doubt.[9] *Id.*

Finally, in *Erlinger v. United States*, 602 U.S. 821 (2024), the high Court restated, in no uncertain terms, that facts that increase either the statutory maximum penalty or the minimum penalty to which a defendant may be sentenced must be found by a jury. *Id.* at 833.[10] Indeed, the Court observed that "[t]he principles *Apprendi* and *Alleyne* discussed

---

[8] We observe that, in *Oregon v. Ice*, 555 U.S. 160 (2009), the high Court upheld a state statute which provided that sentences for multiple offenses would run concurrently, unless the sentencing judge found certain statutorily-described facts, for example, that the offenses did not arise from the same continuous course of conduct, or, if they did, that the offense showed the defendant's willingness to commit more than one offense, or created a risk of greater or qualitatively different harm to a different victim. The Court concluded that the Sixth Amendment does not prohibit states from granting judges the authority to assess whether to impose concurrent or consecutive sentences. The Court's decision in *Ice*, however, did not address the prior criminal conviction exception to *Apprendi's* general rule.

[9] The *Alleyne* Court acknowledged that, in *Almendarez-Torres*, it recognized a "narrow exception to this general rule for the fact of a prior conviction." *Alleyne*, 570 U.S. at 111 n.1. However, because, as in *Apprendi*, the parties did not contest the "vitality" of that decision, it did not revisit the issue. *Id.*

[10] In *Erlinger*, the prosecutor initially sought imposition of an enhanced sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which is triggered when a defendant has three or more qualifying convictions for offenses committed on different occasions. The petitioner therein argued that the underlying offenses, a series of burglaries committed over several days, were part of a single criminal episode, such that he was not subject to the enhanced penalty. Further, he argued that the question of whether the burglaries were committed during a single episode was a factual question (continued…)

are so firmly entrenched that we have now overruled . . . decisions inconsistent with them." *Id.* at 833-34.

Of further relevance to the case *sub judice*, in 2020, the Pennsylvania Superior Court, in *Chichkin*, *supra*, considered whether, under the high Court's decision in *Alleyne*, a defendant's acceptance of ARD for a prior DUI offense may be treated as a prior offense for sentencing enhancement purposes under Section 3804 of the Motor Vehicle Code. In a unanimous opinion authored by then-Judge, now-Justice McCaffery, the court held that a defendant's prior acceptance of ARD is not the equivalent of a prior offense, and, without more, cannot be used as a basis for the imposition of an enhanced sentence. In so holding, the Superior Court recounted this Court's description of Pennsylvania's ARD program:

> ARD . . . is a pretrial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes.
>
> Under the ARD rules, which this Court created in 1972 pursuant to our authority to supervise the lower courts, the district attorney has the discretion to refuse to submit a case for ARD, and if the case is submitted for ARD, the court must approve the defendant's admission. These rules . . . also provide that the defendant must agree to the terms of the ARD, and that after he has completed the program successfully, the charges against him will be dismissed, upon order of court. If he does not complete the ARD successfully, he may be prosecuted for the offense with which he was

---

which must be determined by a jury. The district court rejected the petitioner's argument, and, notwithstanding the fact that, on appeal, the government agreed with the petitioner, the Seventh Circuit Court of Appeals affirmed. The high Court reversed, concluding that, pursuant to *Apprendi* and *Alleyne*, the petitioner was entitled to have a jury determine whether his offenses were committed on the same, or separate, occasions. *Erlinger*, 602 U.S. at 835.

> charged.  The district attorney's utilization of ARD is optional under the rules.
>
> The impetus behind the creation of such rules was the belief . . . that some "cases which are relatively minor or which involve social or behavioral problems . . . can best be solved by programs and treatments rather than by punishment."

*Chichkin,* 232 A.3d at 966 (quoting *Commonwealth v. Lutz,* 495 A.2d 928, 931 (Pa. 1985)) (emphasis omitted).

The *Chichkin* court further reasoned that a defendant's prior acceptance of ARD constitutes an unproven fact which must be submitted to the jury, and determined beyond a reasonable doubt, before it can be used as a basis for the imposition of an enhanced or mandatory minimum sentence.[11]

In 2022, however, an *en banc* panel of the Superior Court issued two separate opinions on the same day overruling *Chichkin*.  In *Commonwealth v. Richards*, *supra*, and *Commonwealth v. Moroz, supra*, the Superior Court held that Section 3806's inclusion of the "acceptance of ARD" in the definition of "prior offense" does not violate *Apprendi* or *Alleyne*.  *See Moroz*, 284 A.3d at 233 ("We now hold that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster."); *Richards*, 284 A.3d at 220 (same).

Finally, as noted above, in 2023, this Court, in *Verbeck*, considered whether a defendant's prior acceptance of ARD may be treated as a prior offense for purposes of a DUI sentencing enhancement under Section 3804, but we deadlocked 3-3 on the issue, and thus the lower court decision was affirmed by operation of law.  In that case, the defendant was convicted of, *inter alia*, a DUI offense, and the trial court sentenced him

---

[11] In *Chichkin*, the Commonwealth agreed that, under *Alleyne*, a defendant's prior acceptance of ARD could not constitutionally support the imposition of an increased mandatory minimum sentence under Section 3806, unless the fact of the acceptance was established beyond a reasonable doubt.  *Chichkin*, 232 A.3d at 963.

as a second offender based on his prior acceptance of ARD. On appeal, the Superior Court vacated the defendant's judgment of sentence and remanded for resentencing, finding that, based on its recent decision in *Chichkin*, the defendant should have been sentenced as a first-time offender. This author filed an Opinion in Support of Affirmance ("OISA"), which was joined by Justices Donohue and Wecht, opining that, because the acceptance of ARD does not offer the constitutional safeguards that accompany a criminal conviction, treating a defendant's prior acceptance of ARD as a prior offense for sentencing purposes is inconsistent with *Apprendi* and *Alleyne*. Justice Wecht authored a separate OISA, which was joined by Justice Donohue, emphasizing, *inter alia*, that ARD is not the equivalent of a prior criminal conviction, and suggesting that treating it as such clearly violates the Sixth Amendment.

Justice Mundy authored an Opinion in Support of Reversal ("OISR"), which was joined by Justices Dougherty and Brobson. Comparing ARD to a prior adjudication of juvenile delinquency, and further suggesting that ARD is substantially similar to a conviction based on a guilty plea, wherein a defendant waives his constitutional rights, the OISR opined that it is constitutional for a defendant's prior acceptance of ARD to be treated by the sentencing court as a prior offense under Sections 3804(a) and 3806.

With this background in mind, we now turn to the arguments of the parties in the instant case. Initially, Appellant acknowledges that, pursuant to *Almendarez-Torres*, a prior conviction constitutes an exception to the general rule that any fact which increases the penalty for a given crime is to be submitted to the jury as an element of that crime and proven beyond a reasonable doubt. Appellant argues, however, that "[t]here is no question that acceptance of ARD does not constitute a conviction," and, instead, is simply "a pretrial disposition." Appellant's Brief at 14. Thus, he maintains that consideration of

a previous acceptance of ARD for purposes of the sentencing enhancement clearly violates the strictures of *Alleyne*, rendering that portion of Section 3806 unconstitutional.

Appellant further contends that a prior acceptance of ARD cannot be treated as the *equivalent* of a conviction because ARD proceedings lack the standard safeguards of a traditional conviction. In this respect, Appellant emphasizes that ARD is merely a "pre-trial diversion program," offered only to defendants who have been deemed suitable for the program by the Commonwealth, and the trial court determines whether to admit a defendant to an ARD program. Appellant also highlights that, if a defendant violates the conditions of his ARD program, he will not be granted a discharge or expungement of the charges, but, instead, will return "to square one with all of the trial rights intact," and the Commonwealth may proceed on the charges, as provided by law. *Id.* at 15; *see* Pa.R.Crim.P. 318(C) ("If the judge finds that the defendant has committed a violation of a condition of the program, the judge may order, when appropriate, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law.").

Appellant stresses that, most significantly, a defendant makes no admission of guilt, and there is no actual determination of guilt, in an ARD proceeding. Appellant's Brief at 15-16. Appellant submits that, in accordance with the rules of ARD, this Court has determined that no adverse consequences, civil or criminal, may be imposed based on a defendant's acceptance of ARD or other pre-trial disposition that does not involve a finding of guilt, *id.* at 16 (citing cases), and he likens the acceptance of ARD to an "unadjudicated arrest," which may not be considered at sentencing, *id.* Accordingly, Appellant maintains that the absence of a finding of guilt in an ARD proceeding precludes

a previous acceptance of ARD from consideration as a prior offense under the prior conviction exception under *Apprendi*.[12]

Appellant additionally contends that there is no basis for finding that acceptance of ARD "infers or implies a concession of a finding of guilt," as the ARD rules clearly do not require such a concession of a finding of guilt, and, moreover, that the Due Process Clause "prohibits any inferred or implied finding of guilt." *Id.* at 20. Appellant points out that, when agreeing to complete an ARD program, a defendant is informed that, in the event he fails to complete the program, he waives the statute of limitations and his right to a speedy trial, *see* Pa.R.Crim.P. 312(2), but is not informed that his acceptance into an ARD program will result in a waiver of the constitutional protections regarding sentence enhancements afforded by *Apprendi* and *Alleyne.*

Finally, Appellant argues that a defendant's previous acceptance of ARD cannot reasonably be equated with a guilty plea because the ARD rules do not support such a finding. Specifically, Appellant notes that Rule 313, which allows a judge to order a defendant who violates the conditions of ARD to proceed to trial, where he might ultimately be acquitted, is inconsistent with that notion. Appellant's Brief at 20. As a result, Appellant contends that, to the extent Section 3806 permits a previous acceptance of ARD to be considered as a prior offense for sentencing purposes, it is unconstitutional.

In response to Appellant's arguments, the Commonwealth first highlights the benefits of the ARD program. Recognizing that a defendant is not required to admit guilt in order to be accepted into an ARD program, the Commonwealth nonetheless submits

---

[12] Appellant recognizes that a number of courts have determined that juvenile adjudications, although not technically convictions, have sufficient reliability so as to fall within *Alleyne's* prior conviction exception. He notes, however, that this conclusion is based on the fact that juvenile adjudications have the "same reliability requirement of proof beyond a reasonable doubt," which is absent in ARD proceedings. Appellant's Brief at 24.

that "it is the voluntary entry into the program which establishes a prior offense, but only in the situation where the defendant reoffends." Commonwealth's Brief at 10. In the Commonwealth's view, by accepting ARD, a defendant voluntarily relinquishes his right to have the facts of the underlying DUI charge proven beyond a reasonable doubt. The Commonwealth notes that, by the time a defendant agrees to participate in an ARD program, a criminal complaint has been filed against him; a preliminary hearing has been held or waived; the defendant has had an opportunity to retain counsel; and the defendant has been afforded the opportunity to obtain and review the pretrial evidence. According to the Commonwealth, all of this information serves to inform the defendant's decision whether to accept ARD or proceed to trial.

The Commonwealth further submits that a defendant must be permitted to waive his right to have the underlying offenses proven beyond a reasonable doubt as a condition of acceptance into the program, just as a defendant who chooses to plead guilty waives that right. *Id.* at 12. The Commonwealth suggests that the purpose of such waiver is to allow the trial court to "sentence properly on subsequent offenses should the defendant reoffend" following his acceptance of ARD for a previous offense. *Id.*

The Commonwealth adds that Section 3806 itself places a defendant on notice that his acceptance of ARD will be considered a prior offense for purposes of sentencing. *Id.* at 13. Thus, the Commonwealth insists that "there is nothing unconstitutional with a defendant's waiver of constitutional rights in exchange for a voluntary entry into a diversionary program." *Id.*

Finally, the Commonwealth maintains that the Superior Court in *Chichkin* erred in concluding that a defendant's due process rights are violated when a prior acceptance of ARD for a DUI offense is used as a basis for an enhanced sentence on a subsequent DUI. It suggests that the court's rationale in *Chichkin* undermined "the balance between

rehabilitation and public safety, which the legislature determined by creating the ARD program," and, further, that the *Chichkin* decision deprived "the Commonwealth of the benefit of the bargain it made with past defendants and create[d] bad policy that the legislature sought to avoid."[13]  *Id.*  In this vein, the Commonwealth maintains that the Superior Court, in *Richards* and *Moroz*, properly overruled *Chichkin*.  *Id.* at 14.

---

[13] The Office of the Attorney General ("OAG") filed an *amicus* brief in support of the Commonwealth.  The OAG posits that Section 3806 cannot be deemed *facially* unconstitutional because there are some circumstances in which it may be applied constitutionally.  OAG's Brief at 6 (citing, *inter alia, Pownall*, 278 A.3d at 904 (a statute "is facially unconstitutional only where no set of circumstances exist[s] under which the statute would be valid")).  In this regard, OAG suggests that nothing in the statute or Constitution "precludes conditioning acceptance of ARD on the proviso that this agreement must include a waiver in which the applicant agrees that, notwithstanding the right to trial by jury, an ARD disposition will have the effect of a prior conviction in the event of prosecution for a new DUI offense," and, indeed, this has been the practice for nearly 40 years.  OAG's Brief at 7.

OAG also points out that the comment to Rule 312 of our Rules of Criminal Procedure states "[a]lthough acceptance into an ARD program is not intended to constitute a conviction under these rules, it may be statutorily construed as a conviction for purposes of computing sentences on subsequent convictions."  *Id.* at 8 (quoting Pa.R.Crim.P. 312, cmt).  Finally, OAG notes that several counties require an ARD applicant to complete a written statement waiving the right to challenge the notion that the ARD-DUI constitutes a prior conviction for purposes of sentencing on a subsequent DUI offense within the prescribed timeframe.  *Id.* at 9.

The Pennsylvania District Attorneys Association ("PDAA") also filed an *amicus* brief in support of the Commonwealth.  The PDAA echoes the Commonwealth's position that, in creating the ARD program for DUI offenses, the legislature struck a balance between the rehabilitation of first-time offenders and the punishment of recidivist offenders.  It further reiterates that the Superior Court's decision in *Chichkin* created uncertainty and deprived the Commonwealth of the benefit of its bargain, and so was properly overruled in *Richards*.  PDAA maintains that, because a defendant's acceptance of ARD is "entirely voluntary," and the defendant is on notice that his acceptance of the ARD program may be used as an "aggravating factor for sentencing purposes on a subsequent DUI conviction," there is no due process violation in allowing a court to consider a previous acceptance of ARD for a DUI as a prior offense, as long as the Commonwealth proves, beyond a reasonable doubt, that the defendant previously accepted ARD for a DUI offense.  PDAA's Brief at 22.  In PDAA's view, "requiring proof of the [prior] underlying offense . . . goes well beyond what *Alleyne* demands."  *Id.* at 23.

It is undisputed that acceptance of ARD does not constitute a criminal conviction. *See Whalen v. Com., Dep't of Transp., Bureau of Driver Licensing*, 32 A.3d 677, 681 (Pa. 2011) (citing *Lutz*, 495 A.2d at 933). As this Court has explained:

> ARD is a pretrial disposition of certain cases, governed primarily by Chapter 3 of the Pennsylvania Rules of Criminal Procedure, which suspends formal criminal proceedings before conviction and provides the accused with certain rehabilitative conditions, the completion of which results in the dismissal of the pending criminal charges and a clean record for the defendant.

*J.F. v. Dep't of Human Services*, 245 A.3d 658, 661-62 (Pa. 2021). As previously noted, this Court has recognized that the basis for the creation of the ARD program was the belief that certain "cases which are relatively minor or which involve social or behavioral problems . . . can best be solved by programs and treatments rather than by punishment." *Lutz*, 495 A.2d at 931.

Nor, in our view, can a defendant's previous acceptance of ARD reasonably be *equated* to a prior conviction for purposes of sentencing enhancement. As discussed above, the high Court's recognition in *Apprendi* of a prior conviction exception was specifically grounded on the fact that the defendant, during the proceedings from which the prior conviction arose, was provided with the constitutional protections inherent in all criminal proceedings. *See, e.g., Apprendi*, 530 U.S. at 496 (recognizing the significant distinction between accepting the validity of a prior conviction resulting from a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing a judge to find a required fact under a lesser standard of proof). The constitutional protections on which the *Apprendi* Court based its recognition of the prior conviction exception are notably absent from ARD proceedings.

To illustrate, in a criminal trial, the defendant is entitled to representation by competent and effective counsel, who reviews the case with the defendant to construct a defense. The defendant is provided a speedy trial, at which the Commonwealth bears the burden of establishing each and every element of the offenses charged beyond a reasonable doubt. At trial, the defendant is accompanied by counsel, who may object to inadmissible evidence, and the defendant has the right to confront the witnesses against him, to present his own witnesses, and to testify on his own behalf.

In contrast, in an ARD proceeding, there is no requirement that an evidentiary record of the alleged criminal conduct be admitted. Rule 313 provides that, once the defendant indicates his understanding of the proceedings, requests acceptance into the program, and agrees to the terms set forth in Rule 312, which are discussed further below, the record is closed. Pa.R.Crim.P. 313(A). Once the record is closed, the judge hears the facts of the case. Pa.R.Crim.P. 313(B). If the judge determines that ARD is warranted, the record is reopened and the conditions of the program are stated on the record. Pa.R.Crim.P. 313(C). The defendant's statements at the ARD hearing may not be used against him in any criminal proceeding, except one based upon the falsity of the statements given. Pa.R.Crim.P. 313(B). Upon successful completion of the ARD program, the defendant may move for dismissal of the charges and, absent objection by the Commonwealth, the defendant's arrest record is expunged. Pa.R.Crim.P. 319, 320.

Finally, and most critically, in an ARD proceeding, the Commonwealth is not required to prove the defendant's culpability beyond a reasonable doubt, and the defendant is not required to admit guilt. If a defendant violates the conditions of the ARD program, no criminal penalty results; rather, the case proceeds on the deferred criminal charges as provided by law, Pa.R.Crim.P. 318, and the Commonwealth will be required to prove the defendant's guilt beyond a reasonable doubt.

It is clear from the above comparison that ARD proceedings do not contain any of the constitutional protections relied on by the *Apprendi* Court in recognizing a prior conviction exception. Thus, we hold that a defendant's previous acceptance of ARD cannot be viewed as the equivalent of a prior conviction for *Apprendi* purposes.[14]

We likewise conclude that a defendant's previous acceptance of ARD cannot be equated to a guilty plea. Pursuant to Rule 590 of the Pennsylvania Rules of Criminal Procedure, if a defendant wishes to enter a guilty plea, he must execute a written waiver which explains, *inter alia*, the constitutional rights he is waiving as a result of his plea, and the effect of the guilty plea on his appellate rights. The trial court then must conduct a guilty plea colloquy of the defendant, on the record, to ensure that the defendant fully understands the nature of the charges to which he is pleading guilty and the consequences of his plea.

The trial court also must confirm that the defendant has knowingly, intelligently, and voluntarily decided to enter a guilty plea. As we explained in *Commonwealth v. Hines*, 437 A.2d 1180, 1182 (Pa. 1981), in order to satisfy the constitutional requirement that a guilty plea is an "intelligent admission of guilt," before a judge may accept a plea of guilty, he must conduct a colloquy of the defendant to confirm that there is a factual basis for the defendant's plea and that the defendant understands the nature and elements of the offense to which he is pleading guilty. *Id.* at 1182. Finally, a guilty plea results in a conviction and a criminal record.

---

[14] In *Whalen*, *supra*, we recognized that, while acceptance into an ARD program is distinct from a conviction, it is statutorily equated with a conviction under certain circumstances. 32 A.3d at 681. However, the examples we cited concerned a Superior Court case addressing the issue presently before us, and certain civil consequences. *See id.* Moreover, the issue in *Whalen* was whether the defendant's previous acceptance of ARD for his second DUI charge could be considered a prior offense for purposes of requiring him to install an ignition interlock device on each of his vehicles as a condition for restoration of his operating privileges, and, thus, involved a civil, rather than a criminal, penalty. As a result, *Apprendi* and *Alleyne* were neither discussed, nor implicated.

By contrast, in an ARD proceeding, as discussed, the trial court hears an off-record summary of the facts. *See* Pa.R.Crim.P. 313(B). The defendant is not required to admit to the accuracy or veracity of those facts; rather, the defendant need only accept the conditions of the program. Significantly, the defendant is not required to admit guilt in any fashion, and successful completion of the ARD program results in a dismissal and an expungement of the charges.

Moreover, the rules pertaining to ARD proceedings do not require that the defendant be informed that his acceptance into the ARD program may serve as a basis for future sentence enhancement, or, more importantly, that his acceptance of ARD will act as a waiver of the constitutional protections afforded by *Apprendi* and *Alleyne.* Instead, Rule 312 requires only that the record reflect the defendant's understanding that: (1) acceptance and satisfactory completion of the ARD program offers an opportunity to earn dismissal of the pending charges; and (2) if the defendant fails to complete the ARD program, he waives the applicable statute of limitations and his constitutional right to a speedy trial during the period of enrollment in the program. Pa.R.Crim.P. 312.[15]

Although a defendant may waive constitutional rights, "courts indulge every reasonable presumption against waiver of fundamental constitutional rights," and "we do not presume acquiescence in [their] loss"; indeed, "[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (footnotes and quotation marks omitted). Waivers of constitutional rights "not only must be voluntary but must be knowing, intelligent acts done with sufficient

---

[15] As noted above, the OAG observes that the comment to Pa.R.Crim.P. 312 provides that, while acceptance into an ARD program is not intended to constitute a conviction under our rules, "it may be statutorily construed as a conviction for purposes of computing sentences on subsequent convictions." *See supra* note 13. Notably, however, that comment was added before the high Court issued *Alleyne*, which called into question reliance on ARD in mandatory minimum sentencing schemes like Sections 3804 and 3806.

awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970); *see also Hines*, 437 A.2d at 1182 (as a guilty plea "constitutes the waiver of constitutionally-guaranteed rights, the voluntariness of a guilty plea must be affirmatively established"). Critically, there is no provision in the ARD rules that serves to confirm that a defendant's waiver of his constitutional rights is knowing, intelligent, and voluntary. As ARD proceedings lack the procedural protections that accompany proceedings in which a defendant pleads guilty, we find a defendant's acceptance of ARD cannot be equated to a guilty plea for *Apprendi* purposes.

In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in *Apprendi* and *Alleyne* was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in *Apprendi* and *Alleyne*. Thus, an individual's previous acceptance of ARD, which, when construed as a prior offense under Section 3806 to increase the penalty for a subsequent conviction pursuant to Section 3804, is a fact that must be submitted to a jury and proven beyond a reasonable doubt.[16]

---

[16] Justice Mundy disagrees with our conclusion that Section 3806 is unconstitutional in this regard. She offers that, even if she agreed that a defendant's previous acceptance of ARD fell within *Apprendi's* rule – that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt – because Section 3806 does not *require* that such a finding be made *by a judge*, it is not facially unconstitutional. *See* Dissenting Opinion (Mundy, J.), at 2. However, Sections 3804 and 3806 comprise a sentencing scheme under which, as Justice Mundy herself recognizes, the court is required to determine the number of prior offenses in imposing sentence. Additionally, Justice Mundy opines that an individual's previous acceptance of ARD is not the type of fact that must be found by a jury under *Apprendi*, and she submits that the prior conviction exception "to the *Apprendi* rule does not rest on a principled basis." *Id.* at 10. Respectfully, Justice Mundy's disagreement appears to be less with our application of the high Court's decisions in this area than with those decisions themselves.

We acknowledge that, in enacting Sections 3804 and 3806, the General Assembly has attempted to deter DUI recidivism by imposing greater punishment on individuals who, after being afforded an opportunity to reform, reoffend. While laudable, such a goal can only be carried out through constitutional means. In recognizing the prior conviction exception, the Supreme Court in *Apprendi* focused on the adequacy of the state procedures, not the policy basis for the state sentencing enhancement, emphasizing that the "strength of the state interests that are served by the hate crime legislation has no more bearing on this procedural question than the strength of the interests served by other provisions of the criminal code." *Apprendi*, 530 U.S. at 475. The same is true here: the strength of the state's interest in punishing recidivists, however weighty, has no bearing on the constitutional question before us. The General Assembly's valid interest in deterring recidivist conduct must be furthered in a manner that protects the procedural due process and jury trial rights of those involved.

As a final matter, we must determine whether the inclusion of ARD in the definition of the term "prior offense" in Section 3806(a), for purposes of sentence enhancement under Section 3804, renders Section 3806 facially unconstitutional, or merely unconstitutional as applied to Appellant. The parties themselves do not offer specific arguments on this issue. However, as noted above, the OAG argues that Section 3806 cannot be deemed facially unconstitutional because there are some circumstances in which it may be applied constitutionally, for example, when a defendant, at the time he accepts ARD, waives his right to a jury determination of the same should ARD later be considered as a prior conviction for sentencing purposes on a new DUI offense under Section 3804. *See supra* note 13. The dissenters take a similar position, suggesting that not only could a defendant validly "waive[] the *Apprendi* rule," but, further, that Section 3806 does not "foreclose" a separate proceeding at which a jury may find, beyond a

reasonable doubt, that a defendant previously accepted ARD; the trial court could then rely on that finding to impose an enhanced sentence. Dissenting Opinion (Dougherty, J.), at 4; *see also* Dissenting Opinion (Mundy, J.), at 3-4. Ultimately, we disagree, and find Section 3806 to be facially unconstitutional.

First, the fact that certain circumstances might avert an unconstitutional application of the statute does not insulate it from a determination of facial unconstitutionality. To illustrate, in *City of Los Angeles, Calif. v. Patel*, 576 U.S. 409 (2015), a group of motel operators lodged a facial challenge to a municipal code provision that required motel operators to provide police officers with information concerning their guests; failure to provide the information on demand constituted a criminal misdemeanor. The motel operators alleged that the "searches" for such information violated the Fourth Amendment because they were subject to punishment without first providing them the opportunity for pre-compliance review. The City maintained that the code provision was not facially unconstitutional because there were some circumstances under which the warrantless searches would be valid, such as if the police are responding to an emergency, if the subject consents to the intrusion, and if the police are acting under a court-ordered warrant. The high Court rejected the City's argument, stating:

> While [the City] frames this argument as an objection to respondents' challenge in this case, its logic would preclude facial relief in every Fourth Amendment challenge to a statute authorizing warrantless searches.
>
> * * *
>
> Moreover, the City's argument misunderstands how courts analyze facial challenges. Under the most exacting standard the Court has prescribed for facial challenges, a plaintiff must establish that a "law is unconstitutional in all of its applications." *Washington State Grange v. Washington State Republican Party,* [552 U.S. 442, 449 (2008)]. But when assessing whether a statute meets this standard, the Court has considered only applications of the statute in which it actually authorizes or prohibits conduct. For instance, in

> *Planned Parenthood of Southeastern Pa. v. Casey,* [505 U.S. 833 (1992)], the Court struck down a provision of Pennsylvania's abortion law that required a woman to notify her husband before obtaining an abortion. Those defending the statute argued that facial relief was inappropriate because most women voluntarily notify their husbands about a planned abortion and for them the law would not impose an undue burden. The Court rejected this argument, explaining: The "[l]egislation is measured for consistency with the Constitution by its impact on those whose conduct it affects . . . . The proper focus of the constitutional inquiry is the group for whom the law is a restriction, not the group for whom the law is irrelevant." *Id.,* at 894.

*Patel*, 576 U.S. at 418.

Moreover, treating Appellant's claim that the sentencing scheme in Sections 3804 and 3806 is facially unconstitutional is entirely consistent with how this Court has addressed *Alleyne* challenges in the past. *See Commonwealth v. Wolfe*, 140 A.3d 651, 663 (Pa. 2016) (finding sentencing statute at 42 Pa.C.S. § 9718 "irremediably unconstitutional on its face, non-severable, and void"); *Commonwealth v. Hopkins*, 117 A.3d 247, 264 (Pa. 2015) (finding sentencing statute at 18 Pa.C.S.A. § 6317 unconstitutional and non-severable).

Here, the Commonwealth sought the imposition of an enhanced sentence under Section 3804 based on the inclusion of the acceptance of ARD in the definition of a prior offense in Section 3806. The theory that an individual could, at the time he accepts ARD, waive his right to a subsequent jury determination of that fact if he is later convicted of a new DUI offense and subject to an enhanced sentence is irrelevant. Moreover, as the high Court reasoned in *Patel* with respect to the Fourth Amendment, such a rationale would preclude facial relief in every Sixth Amendment *Apprendi* challenge.

Similarly, the dissent's suggestion that a court could have a jury determine whether a defendant previously accepted ARD so that the sentencing court could rely on such finding in order to impose an enhanced sentence under Section 3804 cannot save the

statute from a finding of facial infirmity. As explained by the Court in *Patel*, our focus must be the impact Sections 3804 and 3806 have on Appellant and similarly situated individuals who have not had their previous acceptance of ARD determined by a jury.

Further, although Justice Dougherty suggests that the sentencing scheme comprised of Sections 3804 and 3806 is not facially unconstitutional because the imposition of an enhanced sentence "can come after a jury's determination of a prior offense" under Section 3806, Dissenting Opinion (Dougherty, J.), at 7, he does not explain how this is possible. First, there is no offense – with a prior ARD as an element – to serve as the channel for such a finding. Moreover, we have held that, in assessing the constitutionality of a sentencing statute under *Alleyne*, it did not matter that a jury *also* found under the circumstances of a given case the relevant fact at a jury trial. *See Wolfe*, 140 A.3d at 661 ("Accordingly, although the jury at Appellee's trial plainly decided that the victim was under sixteen years of age, the sentencing court was bound to make its own determination at sentencing . . . but it could not do so in a manner consistent with the Sixth Amendment to the United States Constitution, on account of *Alleyne*.").

Second, to the degree that Justice Dougherty suggests that the jury, in the prosecution of Appellant's 2022 offense, could have been specifically asked to determine the fact of his prior 2012 offense, this Court has strongly discouraged such extra-offense jury fact-finding. *See Commonwealth v. Samuel*, 961 A.2d 57, 64 (Pa. 2008) ("[I]n contrast to civil cases, where there is specific authority for special verdicts . . . there is no such provision in criminal trials, and [t]he proposal of special verdicts in criminal trials to determine what issues the jury actually resolved has been almost universally condemned." (internal quotation marks omitted)).[17]

---

[17] Justice Dougherty acknowledges that this Court generally disfavors special interrogatories in criminal trials. However, he offers that, in *Commonwealth v. King*, 234 A.3d 549, 566 (Pa. 2020), we "suggested they may be used to comply with the *Apprendi* (continued…)

Thus, as Section 3806 allows a defendant's previous acceptance of ARD to be used as a basis for an enhanced sentence under Section 3804, in contravention of *Apprendi* and *Alleyne*, we hold that it is facially unconstitutional.

Nevertheless, we conclude that ARD may be severed from the remainder of the definition of "prior offense" in Section 3806. The Statutory Construction Act directs that the individual provisions of all statutes are presumptively severable:

> The provisions of every statute shall be severable. If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby, unless the court finds that the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be

---

rule." Dissenting Opinion (Dougherty, J.) at 6. Respectfully, we believe Justice Dougherty misreads our holding in *King*. In that case, the defendant alleged that his enhanced sentence for attempted murder resulting in serious bodily injury under 18 Pa.C.S. § 1102 was illegal because the Commonwealth failed to provide him with formal notice of its intent to seek the sentencing enhancement in his charging documents. Notably, King did not assert a violation of *Apprendi* on the basis that facts used to support his enhanced statute were not submitted to a jury and proven beyond a reasonable doubt. Indeed, this Court went to some length to explain that his claim was governed, not by *Apprendi*, but by what due process required in a charging document *under state law*. *See King*, 660 Pa. 482 at 502 ("While *Apprendi* declined to address a constitutional claim regarding what the charging document must say, we have interpreted the due process notice aspect of the charging document to involve both [Pa.R.Crim.P] 560 and the Pennsylvania Constitution."). Moreover, the discussion of the special interrogatory utilized in that case was not an approval of its use, but was part of our harmless error analysis. Specifically, we agreed with King that both the indictment and criminal information were facially inadequate because they did not alert him to the fact that the Commonwealth intended to seek the enhanced sentence. However, we concluded that the error was harmless because: (1) King had *de facto* notice that the Commonwealth intended to seek an enhanced sentence; (2) the evidence of serious bodily injury was "overwhelming and uncontroverted" and was "stipulated to and found by the jury beyond a reasonable doubt"; and (3) King's attorney reviewed and agreed to the verdict sheet which contained the special interrogatory. *King*, 234 A.3d at 566. Thus, while we relied on the use of the special interrogatory in *King* as one of several factors that supported a finding of harmless error, we did not, as Justice Dougherty submits, "suggest[] they may be used" to comply with the requirements of *Apprendi*.

> presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

1 Pa.C.S. § 1925. *See Commonwealth v. Mockaitis*, 834 A.2d 488, 502-04 (Pa. 2003).

Section 3806 provides that the term "prior offense" shall mean "any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation." 75 Pa.C.S. § 3806(a). The term ARD may easily be eliminated from the above list, without rendering the remainder of the provision, or the statute as a whole, incapable of execution in accordance with legislative intent.[18] Thus, although we hold that Section 3806 is facially unconstitutional to the extent it allows a previous acceptance of ARD to be used as the basis for an enhanced sentence under Section 3804, because that provision of Section 3806 is severable from the remainder of the section, only the provision referring to ARD is invalidated.

Accordingly, and for the reasons set forth above, we conclude that the trial court properly excluded evidence of Appellant's previous acceptance of ARD for his 2012 offense, and sentenced him as a first offender for his 2022 DUI offense. Thus, we reverse the Superior Court's order which vacated Appellant's judgment of sentence, and remand for reinstatement of that sentence.

Order reversed and case remanded. Jurisdiction relinquished.

Justices Donohue, Wecht and McCaffery join the opinion.

Justice Dougherty files a dissenting opinion.

Justice Mundy files a dissenting opinion.

---

[18] We do not presently opine as to the constitutionality of the remaining examples of a "prior offense" as set forth in Section 3806.

Justice Brobson files a dissenting opinion.